In re Estate of Leonard E. Simon, deceased.
J. O. Little, appellee, v. Clarence A. Simon,
Administrator, et al., appellants.
31 N. W. 2d 231

Filed March 3, 1948.    No. 32357.

*J. L. Gagnon* and *Lee Kelligar*, for appellants.

*John C. Mullen* and *Gerald M. Mullen*, for appellee.

Heard before Simmons, C. J., Messmore, Yeager, Chappell, and Wenke, JJ., and Bartos and Jackson, District Judges.

Chappell, J.

On October 14, 1944, James O. Little, hereinafter called plaintiff, filed a claim in the county court of Richardson County against the estate of Leonard E. Simon, deceased, to recover for services rendered. On October 16, 1944, the administrator refused to honor the claim, writing across the face thereof "DISALLOWED:". However, on May 28, 1946, the claim was heard on the merits and allowed by the county court.

The administrator and heirs at law of deceased perfected an appeal therefrom to the district court within the time provided by law. Thereafter, plaintiff did not file his petition in the district court until August 19, 1946, some 83 days after judgment was rendered in the county court. In other words, his petition was filed out of time without prior permission of the court upon good cause shown. See §§ 24-544 and 27-1306, R. S. 1943.

On the same day, August 19, 1946, the administrator filed a motion in the district court to strike plaintiff's petition from the files and enter an order of non-suit. On August 27, 1946, a hearing was had on that motion, whereat the administrator adduced evidence showing laches and neglect on the part of plaintiff, who adduced no evidence in reply thereto. On that same day the motion was overruled, and on September 17, 1946, the administrator filed an amended answer in conformity with permission of the court granted September 10, 1946, denying generally and preserving therein the substance of his prior motion. On December 6, 1946, plaintiff filed a motion to strike that portion of the answer, which was overruled by the trial court.

Plaintiff filed a reply in the nature of a general denial, and on July 30, 1947, the issues were heard on the merits. On August 12, 1947, the trial court entered its decree finding generally in favor of plaintiff and allowing the claim.

Motions for new trial were overruled, whereupon the administrator and heirs at law, hereinafter called defendants, appealed to this court, assigning as error, among other things, the trial court's refusal to non-suit plaintiff.

On November 6, 1947, after defendants' appeal was perfected, counsel for plaintiff filed a motion in this court, in which plaintiff disclaimed "any interest he has or may have in this action and moves the Court to enter an order or opinion reversing and dismissing this action at the cost of the Estate of Leonard E. Simon, Deceased." That motion was "supported by certified copy of a Release and Cancellation of said judgment rendered in the District Court of Richardson County, Nebraska on August 6, 1947, which release and cancellation of judgment is on file in the District Court of Richardson County, Nebraska, and the County Court of Richardson County, Nebraska," which, together with

verifying affidavit of plaintiff, was attached to and made a part of the motion.

The motion was submitted to this court without argument, by stipulation, which provided that if overruled, defendants should have 20 days thereafter to file brief. The motion was overruled and defendants served and filed briefs in conformity with the stipulation and the rules of this court. On the other hand, plaintiff filed no brief, and when the action came regularly on the call for hearing, defendants presented argument but plaintiff did not appear.

Since defendants seek reversal and dismissal, and plaintiff consenting thereto prays for the same result, we have presented only the question of costs.

Section 25-1933, R. S. 1943, as applicable here, provides that when a judgment, decree, or final order is reversed, this court may render judgment for all costs against appellee, or may direct that each party pay his own costs, or apportion the costs among the parties as in its discretion the equities of the cause may require.

In conformity therewith, and in the light of the situation heretofore presented, this action should be and hereby is reversed and dismissed, costs taxed to appellee.

REVERSED AND DISMISSED.